IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBIN KNUTSON,

    Petitioner,

v.

JEFF IZENT, et al.,

    Defendants.

Civil Action No.: JKB-23-1541

## MEMORANDUM OPINION

On June 6, 2023, the Court received a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, from Robin Knutson, an inmate currently confined at the United States Penitentiary-Coleman, purportedly on behalf of Christopher Cline. ECF No. 1. Cline was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to a term of incarceration of 240 months. *See United States v. Cline*, Criminal No. PJM-21-198 (D. Md.). Knutson claims that Cline's conviction was improper and Cline did not receive the effective assistance of counsel. ECF No. 1. The case may not proceed.

An application for writ of habeas corpus may be made by a "next friend" only under certain circumstance, and "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on their own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose

1

behalf they seek to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (citations omitted); *see also Hamdi v. Rumsfeld*, 294 F.3d 598, 603–05 (4th Cir. 2002).

Knutson offers no explanation as to why he filed the Petition on Cline's behalf. He does not explain his relationship to Cline or offer any reason why Cline is unable to pursue his claims on his own behalf. As such, the Petition is dismissed without prejudice.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Knutson fails to meet these standards and the Court declines to issue a certificate of appealability. Knutson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

Dated this ___9___ day of ___August___, 2023.

FOR THE COURT:

_____
James K. Bredar
Chief Judge